## SCHAFF v. BRASHER. (No. 8381.)

(Court of Civil Appeals of Texas. Dallas.
June 12, 1920. Rehearing Denied
Nov. 6, 1920.)

**Trial ⬅260(8) — Request on contributory
negligence held covered by main charge.**

A request for a charge that plaintiff's contributory negligence bars recovery even if defendant was negligent was sufficiently covered by paragraphs in the main charge that contributory negligence barred recovery, and that the jury should find for defendant if they believed he was negligent, but did not believe that his negligence was the proximate cause of the injury.

Error from District Court, Hunt County; Wm. Pierson, Judge.

Action by T. R. Brasher against C. E. Schaff, as receiver of the Kansas & Texas Railway Company of Texas. Judgment for plaintiff, and defendant brings error. Affirmed.

Chas. C. Huff, of Dallas, and Dinsmore, McMahan & Dinsmore, of Greenville, for plaintiff in error.

RAINEY, C. J. Plaintiff in error's brief contains a correct statement of the case, as follows:

"This was a suit for personal injuries, brought by defendant in error against plaintiff in error in the district court of Hunt county. For the sake of brevity the plaintiff below, T. R. Brasher, who is here defendant in error, will be referred to in this opinion as plaintiff, and the defendant below, C. E. Schaff, receiver, plaintiff in error here, will be referred to as defendant.

"It is alleged in the petition that plaintiff drove his wagon and team to the door of a box car on a side track of defendant to be loaded with hay; that he had a hay frame in the wagon bed; that baled hay was loaded on the wagon; that the ground adjacent to the side track sloped to the side track, and that there were large rocks scattered over the right of way adjacent to the place where the car was spotted for unloading; that by reason of the sloping of the ground and the striking of a rock by a wagon wheel as plaintiff drove away from the car door with his load of hay, bales of hay were caused to fall from the load, and plaintiff was forced to jump off the load of hay to the south side, and in doing so fell, and was seriously injured about the shoulder, arm, and back. The negligence charged is spotting the car where the ground was not level, and in permitting rocks to be upon the right of way adjacent to the place where the car was spotted. The defendant replied by demurrer, exceptions, general denial, and pleas of contributory negligence. The case was tried in the district court of Hunt county with the aid of a jury, and the trial resulted in verdict and judgment for the plaintiff against the defendant for $1,000. The defendant in due season filed an original and an amended motion for a new trial, which motions were overruled by the court, and exception was reserved, and notice of appeal was given, and an extension of time for bills of exception and statement of facts was granted. The defendant did not perfect an appeal, but in due season filed his petition for writ of error, bond for writ of error, which was approved and filed, and caused the plaintiff to be duly cited upon the said petition, and has brought the case to this court for review."

Only one error is assigned and it is as follows:

"The court erred in refusing to give to the jury the defendant's special charge No. 1, which sought to submit to the jury the issue of contributory negligence. Said special charge No. 1 presents an issue raised by pleadings and the evidence, and applies the law to the facts correctly, and said issue was not sufficiently covered by the general charge."

The court refused to submit to the jury the special charge asked by plaintiff in error as follows:

"It was the duty of plaintiff, while he was loading the hay upon his wagon, and in the manner in which he loaded the hay, to exercise such care for his own safety as a man of ordinary care and prudence would exercise under the same or similar circumstances; and if you believe from the evidence that plaintiff, in loading his wagon with hay in the manner in which he loaded it, or in the quantity of hay which he placed upon the wagon, failed to exercise such care for his own safety as a man of ordinary care and prudence would exercise under the same or similar circumstances, and if you believe from the evidence that such failure of plaintiff, if any, caused, or contributed to cause, his injury, if any, then you will find for the defendant. And this is true even if you believe from the evidence plaintiff was injured in any manner as alleged in the petition, and if you also believe from the evidence that the defendant was guilty of negligence which contributed to plaintiff's injuries, if he was injured."

The eighth paragraph of the court's charge is as follows:

"Plaintiff was required to exercise such care for his own safety as an ordinarily careful and prudent person would exercise under the same or similar circumstances, and if you believe from the evidence that plaintiff, in loading his wagon with hay in the manner and in the amount in which he did, failed to exercise such care for his own safety as an ordinarily careful and prudent person would exercise under the same or similar circumstances, and that such failure, if any, caused or contributed to cause his injury, if any, then you will find for the defendant."

The defendant in due season presented to the court an objection to the above-quoted charge, which objection is in these words:

"The defendant objects to the eighth paragraph of the court's charge, bearing upon the question of contributory negligence, because it does not tell the jury, in connection with

what is stated in said paragraph, that the defendant, under the conditions stated in said paragraph, would not be liable to the plaintiff, even if the jury believe from the evidence that plaintiff was injured as alleged, and also believe from the evidence that the defendant was guilty of negligence with respect to the condition of the premises as alleged."

The court also submitted the negative of that issue, as follows:

"If you believe there was such a rock on said premises, yet if you believe that said rock, if any, was not the cause of plaintiff's wagon being careened and turned, or if you believe from the evidence that defendant's agents and servants were negligent in permitting said rock to be upon its premises, if they did, but that said rock being in such place, if it was, was not the proximate cause of plaintiff's wagon being careened and turned, causing plaintiff to be injured, then in either event you will find for the defendant."

We submit that the two charges, given as above quoted, supply every phase of contributory negligence in the court's general charge, and protect every material issue necessarily presented on contributory negligence.

The judgment is affirmed.